IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WESLEY GILDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| TIMKEN SMO LLC d/b/a | ) | |
| TIMKEN BELTS, | ) | |
| *Serve Registered Agent*: | ) | |
|   CSC Layers Incorporating Services Co. | ) | |
|   221 Bolivar Street | ) | |
|   Jefferson City, Missouri 65101. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Wesley Gilden, by and through his attorneys of record, Hall Ansley P.C., and for his cause of action against defendant Timken Belts SMO, LLC d/b/a Timken Belts, states, alleges and avers to the Court as follows:

### PLAINTIFF

1. Plaintiff is a resident of the Polk County, Missouri.

### DEFENDANT

2. Defendant Timken SMO, LLC d/b/a Timken Belts ("Timken" or "Defendant") is a limited liability company created under the laws of the State of Delaware. Timken conducts business in the state of Missouri and Timken maintains a registered agent in the state. Service of Process may be perfected on Timken by serving its registered agent at the address listed in the caption.

3. At all times relevant, defendant Timken acted by and through its duly authorized agents, servants, and employees.

1

4. Timken operates a manufacturing facility at 2601 West Battlefield, Springfield, Greene County, Missouri.

## VENUE AND JURISDICTION

5. This suit is brought, and jurisdiction herein lies, pursuant to 28 U.S.C. § 451, 1331, 1337 and 1343. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Southern Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued Plaintiff a Notice of Suit Rights permitting Plaintiff to file the present action within 90-days of receipt of the same. A true and correct copy of said Notice of Suit Rights is attached hereto as Exhibit A and incorporated herein by reference.

9. This action was commenced within 90-days of receipt of Exhibit A.

## FACTUAL ALLEGATIONS

10. Plaintiff suffers from diabetes, chronic back problems, and shoulder problems after a prior rotator cuff tear. These conditions interfere with one or more of Plaintiff's major life activities. Plaintiff's shoulder and back conditions interfere with his musculoskeletal system and can impact ability to work in that these conditions can restrict movement and cause pain. Diabetes is a group of diseases characterized by high blood glucose or sugar levels that result

from defects in the body's ability to produce and/or use insulin. Diabetes substantially limits Plaintiff's endocrine function.

11. Plaintiff's conditions can be ameliorated if he is permitted to take prescribed medications including: bydureon, glyburide, metformin, gabapentin and hydrocodone.

12. Plaintiff began working for Defendant through a temporary agency, Penmac Personnel Services ("Penmac"), on or about September 4, 2018.

13. Prior to stating as a temporary employee with Timken, Plaintiff was drug tested by Penmac and successfully passed the drug test after providing his prescription information.

14. Plaintiff was hired and was involved in the operation of machinery on behalf of Defendant. Plaintiff worked for Defendant after being hired through the temporary service and successfully performed his duties as a temporary employee.

15. Plaintiff was supervised while working as a temporary employee by Brian Young, the second shift production supervisor.

16. Plaintiff sought a full-time position with Timken after his probationary/temporary time had ended.

17. Plaintiff would have started as a full-time employee on or about December 1, 2018.

18. In or around October 2018, while completing his probationary period and prior to being hired by the company full-time, Plaintiff was told by the occupational corporate health nurse, Susan Waller, to submit a doctor's note and picture of his medication bottle after his physical exam.

19. Plaintiff submitted the requested documentation detailing the medications he was taking for his conditions.

20. On or about November 29, 2018, a Penmac representative named Kim told Plaintiff to turn in his badge for Timken and that he would not be hired because he was a "safety hazard." On information and belief, this decision and information was relayed to Penmac from Timken.

21. Plaintiff did not work for Timken after November 29, 2018. Defendant did not engage in any interactive process to determine reasonable accommodations available to allow Plaintiff to work while on his prescribed medication.

22. Defendant failed to accommodate Plaintiff and intentionally and willfully discriminated against Plaintiff due to his disability, a record of disability, and/or a perception that Plaintiff was disabled on account his medications and conditions.

**COUNT I**
**Discrimination in Violation of the Americans with Disabilities Act**

COMES NOW Plaintiff, Wesley Gilden, by and through his attorneys of record, Hall Ansley, P.C. and for Count I of his cause of action against Timken, states, alleges and avers to the Court as follows:

23. Plaintiff restates, realleges and reavers herein all preceding paragraph of this Petition as though they were fully stated herein in haec verba.

24. Plaintiff, as an individual with a disability, someone having a record of a disability, or as someone who was perceived as having a disability, is a member of a protected group pursuant to the Americans with Disabilities Act, 42 U.S.C. §12102.

25. Defendant is an employer as defined by the Americans with Disabilities Act in that Defendant is engaged in an industry affecting commerce and has had more than twenty-five (25) employees during the relevant periods described herein.

4

26. Plaintiff was subjected to a work environment that was discriminatory based on his disability, a record of disability, and/or a perception of disability held by Timken.

27. The decision to terminate Plaintiff's employment and not to hire Plaintiff for a full-time position occurred because of Plaintiff's protected status.

28. Plaintiff is a member of a protected group and was subjected to a discrimination due to his disability and/or a perception of disability; a causal nexus exists between the discrimination and Plaintiff's membership in the protected group; the discrimination impacted a term, condition, or privilege of Plaintiff's employment with Timken; Defendant knew or should of known of the discrimination and failed to take prompt remedial action, engage in an interactive process to determine if an accommodation was reasonable or necessary, or to ultimately accommodate Plaintiff; Plaintiff was subsequently discharged on account of his disability and/or a perception of disability held by Timken.

29. Plaintiff could have successfully performed the position so long as he was permitted to take his medications as prescribed.

30. As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

 (a) Lost income, including but not limited to back pay, front pay and lost benefits;

 (b) Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

 (c) Mental and emotional anguish.

31. Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

32. Plaintiff is entitled to injunctive relief and an order of this Court compelling Defendant to hire Plaintiff for the job that he had been filling, and for which he had applied, and for all other relief afforded to make whole the losses caused by the violations by Defendant.

33. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter this Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees and expert witness fees; for injunctive relief as set forth herein; for post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant, and others similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: /s/ *Timothy A. Ricker*
BENJAMIN A. STRINGER
Missouri Bar Number 50415
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*